UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:05-CR-0117-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | |
| | | ORDER |
| CHRISTOPHER ALLEN GIBSON,<br>Defendant | ) ) ) | |

This matter is before the court on defendant' *pro se* motion for a further reduction of his sentence [DE-50], following this court's April, 23, 2009, Order allowing his Motion to Reduce Sentence under Title 18, United States Code §3582 [DE-49]. With that order, the court granted defendant's 18 U.S.C. § 3582(c)(2) motion, reducing defendant's term of imprisonment to 149 months. This most recent reduction of the Defendant's sentence followed the Defendant's receipt of an earlier reduction of his sentence pursuant to a motion by the Government under Rule 35(b) of the Federal Rules of Criminal Procedure, which reduced his original sentence from 168 months on Count 1 to 111 months on Count 1, leaving his consecutive 60 months for Count 2 unchanged.

In his current motion, Defendant argues for yet another reduction of his sentence: a) for his continued cooperation with the Government in providing information regarding persons involved in drug transactions, b) to reflect a 1:1 cocaine to crack ratio, and; c) because his initial criminal history category was incorrectly calculated at his original sentencing.

As to any additional motion for a reduction of the Defendant's sentence under Rule 35(b), that is a matter within the province and discretion of the United States Attorney. Absent a showing by the Defendant either 1) that the government has obligated itself in a plea agreement

to move for such a departure, or 2) that the Government's refusal to move for a reduction was based on an unconstitutional motive, the court is without authority to compel such a motion. Wade v. United States, 504 U.S. 181, 185-85 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir 1994).

As to the Defendant's argument that a 1:1 cocaine to crack ratio now is available to this court at sentencing, he is correct. In Spears v. United States, 129 S. Ct. 840 (2009), the Supreme Court, citing Kimbrough v. United States, 128 S. Ct. 558 (2007), confirmed that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears, 129 S. Ct. at 843-44. In Spears, however, the Court was considering an appeal directly from a sentence in which the district court rejected the Guidelines 100:1 ratio between powder cocaine and crack cocaine quantities in favor of a 20:1 ratio. Id. at 841-42. The instant matter, however, is not before the court during the course of an original sentencing, but rather, following a post-sentence Motion for a Reduction of Sentence pursuant to § 3582.[1] In contrast, the Spears Court was not considering the issue in the context of subsequent modification of a sentence under § 3582(c)(2). As a sister court recently recognized,

> retroactive modification of sentencing is strictly limited by 18 U.S.C. § 3582(c). Under § 3582, a sentence can only be modified, 1) upon a motion by the Director of the Bureau of Prisons; 2) when the U.S. Sentencing Commission lowers the applicable sentencing guideline range; or 3) when otherwise permitted by Rule 35 of the Federal Rules of Criminal Procedure or a federal statute. Amendments 706 and 713 of the U.S. Sentencing Guidelines fell within a particular justification of the statute which allowed this

---

[1] To the extent that the Defendant wishes to make a formal complaint for ineffective assistance of counsel as to his representation by Laura Wasco during his post-sentence reduction of sentence pursuant to § 3582, he has chosen an improper manner in which to do so in his current motion and any such allusion shall not be discussed herein.

2

> and other courts to apply the changes retroactively. *Kimbrough* and
> *Spears*, though critical opinions for *future* federal sentencing
> practice, do not provide the authorization necessary to revisit and
> modify past sentences.

United States v. Davis, No. 3:02-00069-02, 2009 U.S. Dist. LEXIS 99023, at *4 (S.D.W. Va. Oct. 22, 2009). Accordingly, the court does not now have the authority to treat the Defendant's motion for a reduction of his sentence pursuant to a 1:1 ratio as if it were a matter heard during the original sentencing.

Finally, as to the Defendant's contention that he was wrongly assigned two criminal history points at the time of his original sentencing, again, that is a matter that must be taken up on a direct appeal from the Defendant's sentencing, and not in the form of the motion currently before the court. This court has no authority to grant the relief requested by the Defendant's instant order by reducing his criminal history category, nor may the court now resentence the Defendant according the criminal history category he believes is correct.

For the reasons stated above, the Defendant's motion for a further reduction of his sentence [DE-50] hereby is DENIED.

SO ORDERED.

This the 30th day of June, 2010.

James C. Fox
Senior United States District Judge

3

Case 7:05-cr-00117-F   Document 52   Filed 06/30/10   Page 3 of 3